USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_ 1/20/2026 _

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
**Edith Hill**,

Plaintiff(s),                                                    **DISCOVERY ORDER**

-against-                                                         *7:24 cv 7812  NSR-VR*

**Becton, Dickinson and Company, et al**.,

Defendant(s).
-----------------------------------------------------------------X

**VICTORIA REZNIK, United States Magistrate Judge:**

1.      The above-referenced action has been referred to the undersigned for general pre-trial purposes. *See* 28 U.S.C. §636(b)(1)(A). All pre-trial applications submitted to the undersigned must comply with this Court's Individual Practices.

2.      All discovery (including requests for admission and any applications to the Court regarding the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery.

3.      Discovery motions – that is, any dispute arising under Rules 26 through 37 or Rule 45 of the Federal Rules of Civil Procedure – must comply with Local Civil Rule 37.2 and Section 2A of the Court's Individual Practices. As stated in those rules and practices, any party wishing to raise a discovery dispute with the Court must first meet-and-confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may submit an ECF letter-motion to the Court no longer than three (3) single-spaced pages, explaining the nature of the dispute and requesting a pre-motion conference. The letter-motion must certify that (i) the meet-and-confer process occurred, including the date, time, place, and duration of the parties' efforts to resolve the dispute and (ii) the moving party informed the adversary during the in-person or telephonic conference that it believed the parties to be at an impasse and that the moving party would be requesting a conference with the Court. The opposing party shall submit a response via ECF, not to exceed three (3) single-spaced pages in length, within ***three*** business days after submission of the letter-motion, unless the parties agree otherwise (and the Court is informed of the agreed response date by letter).

Counsel should seek relief in accordance with these procedures in a timely fashion. All applications must be initiated in time to be resolved sufficiently in advance of the deadline for all discovery. Absent good cause shown, untimely applications may be denied.

4.      Any request for an adjournment of a court proceeding or for an extension of time for a deadline must be made as soon as the cause for the extension becomes known to the party making the application and must be made in accordance with Section 1E of the Court's Individual Practices. As stated in those practices, the application must be made in writing and filed on ECF as a letter-motion, after consultation with all affected parties. The letter-motion must state: (1) the original date of the proceeding or deadline; (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reason for the present request; (5) whether all affected parties consent, and if not, the reasons given by the party or parties for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order must be attached. Absent an emergency, a request for an adjournment of a court proceeding or an extension of a deadline must be made at least 48 hours before the scheduled proceeding or deadline. An adjournment request must also include at least two proposed dates on which all counsel are available for rescheduling.

5.      The Court holds regular Status Conferences at which counsel should be prepared to discuss the status of discovery, the potential for settlement, and any other issues to be resolved. In some cases, the Court may request a joint proposed agenda (submitted by letter) in advance of the conference, which shall be filed at least *two* business days before any Status Conference, unless otherwise directed by the Court.

6.      On matters assigned for pre-trial supervision, any party wishing to file objections to a discovery ruling entered orally on the record shall, on the date of the ruling, order a transcript of the record setting forth the ruling, on a two (2) day expedited basis.  The party shall have fourteen (14) days from the date of the receipt of the record to file the objections with the assigned District Judge. A failure to file the objections in accordance with these directions may result in a failure to file timely objections.

**SO ORDERED.**

DATED:  White Plains, New York
          January 20, 2026

_____
VICTORIA REZNIK
United States Magistrate Judge